***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 26, affirmed November 23, 2022

In the Matter of S. P. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

S. P. M.,
*Appellant.*

Deschutes County Circuit Court
21CC06846; A177592

Owyhee Weikel-Magden, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this involuntary commitment case, appellant seeks reversal of a judgment committing her to the custody of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting the purchase or possession of firearms. On appeal, appellant contends that the record lacks clear and convincing evidence that, due to a mental disorder, appellant was a danger to others. ORS 426.005(1)(f)(A). As we explain below, the record supports the court's determination that appellant was a danger to others. Accordingly, we affirm.

The trial court may involuntarily commit someone if it determines by clear and convincing evidence that the person is a "person with a mental illness." ORS 426.130(1)(a)(C). A "person with a mental illness" is someone who suffers from a "mental disorder," and is "dangerous to self or others" as a result of that disorder. ORS 426.005(1)(f)(A). A person is "dangerous to others" if the person's "mental disorder makes [her] highly likely to engage in future violence toward others, absent commitment." *State v. E. J. J.*, 308 Or App 603, 612, 479 P3d 1073 (2021) (citation and internal quotation marks omitted).[1] Threatening statements can justify a finding that a person is dangerous to others, but in that case, the court "require[s] that evidence of threats be accompanied by evidence of an overt act directed toward fulfilling the threats, or evidence that those threats are made under circumstances making future harmful acts highly likely." *State v. K. L.*, 220 Or App 647, 653, 188 P3d 395 (2008); *see also State v. C. J.*, 322 Or App 760, 522 P3d 540 (2022).

With regard to our standard of review, "[u]nless we exercise our discretion to review an order of civil commitment *de novo* (which we do not here), we view the evidence, as supplemented and buttressed by permissible derivative

---

[1] Appellant argues on appeal that we should redefine "dangerous to others" to match its definition for "dangerous to self." A finding of "dangerous to self" requires evidence of a "particularized and highly probable threat to appellant's safe survival, including a risk of substantial harm, in the near future." *State v. B. B.*, 240 Or App 75, 84, 245 P3d 697 (2010) (citations and internal quotation marks omitted). However, we have defined "dangerous to others" for the purposes of ORS 426.005(1)(f)(A), and appellant does not provide any persuasive argument as to why we should disregard our previous case law.

inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for * * * the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself or others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (citation and internal quotation marks omitted).

In summary, at the commitment hearing in this case, the state presented evidence that: (1) appellant was diagnosed with bipolar disorder, and, at the time of her commitment, she was having a manic episode with psychotic features; (2) appellant burglarized her neighbor due to her mental disorder, ripping the door off its hinges in the process; (3) appellant's condition worsened in the hospital such that she was placed in seclusion for most of the time to prevent her from harming staff or other patients; (4) while in seclusion she continuously threatened staff and other patients; and (5) on the date of the hearing, she expressed that other people would not be safe if she was let out of seclusion, and she continued to make threats about harming staff.

At the end of the commitment hearing, the trial court ordered appellant committed, because it determined that she was a "danger to others";[2] entered a judgment committing appellant to the Oregon Health Authority for a period not to exceed 180 days; and entered an order prohibiting purchase or possession of firearms.

As noted above, appellant argues that the evidence was insufficient to prove that she suffered from a mental disorder that makes her dangerous to others. Appellant argues that burglary is not a violent act on its own to support a

---

[2] Appellant argues that this court should only consider the testimony from the commitment hearing—and no other evidence in the record—because the trial court said, "after considering the testimony here today, I am going to have [appellant] committed for 180 days." We reject that argument because, among other reasons, the trial court's order of commitment says that the court considered "the findings of the examiner and all other evidence presented[.]"

determination she was a danger to others, and she did not take any "overt acts" to follow through on the threats that she made while hospitalized.

We disagree with appellant. The state presented evidence from which a rational factfinder could have found that it was highly probable that appellant was a danger to others because of a mental disorder. That evidence included her own statements to the healthcare providers and examiners, the facts that led to her initial hospitalization, her worsened condition while hospitalized, her threats both during and outside of seclusion that persisted even to the day of the commitment hearing, and her aggressive behaviors toward staff and other patients when released from seclusion. Both her psychiatrist and the mental health examiners testified that appellant was bipolar and having a manic episode and that, because of her disorder, and based on her actions while being hospitalized, she would likely be a danger to others.

Although appellant did not physically harm anyone before or during her hospitalization, physical harm is not required for a trial court to determine someone is a "danger to others." *State v. K. S.*, 223 Or App 476, 486, 196 P3d 30 (2008). When appellant was released from seclusion at the hospital, she engaged in "overt acts" that signaled she would fulfill her threats to harm hospital staff or patients. The only reason someone was not "actually harmed" during her hospital stay was because a hospital staff member intervened in time to prevent physical contact. As such, a rational factfinder could have found that it was highly probable that appellant was a danger to others because of her mental disorder.[3]

In sum, the evidentiary record is legally sufficient to support the court's determination that appellant was a

---

[3] Appellant also argues that "the trial court did not find there was sufficient evidence appellant had a qualifying mental disorder or that there was a nexus between the mental disorder and danger to others." This is incorrect, however, as the trial court's order committing appellant found that appellant is mentally ill. Furthermore, the order prohibiting purchase or possession of firearms states, "the court finds that there is a reasonable likelihood that [appellant] would constitute a danger to self or others or the community at large as a result of [her] mental or psychological state as demonstrated by past behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct."

danger to others because of her mental disorder. Therefore, the trial court did not err by committing appellant, nor did the trial court err by prohibiting appellant from the purchase or possession of a firearm.

Affirmed.