136 February 11, 2026 No. 100

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. C. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

K. C. W.,
*Appellant.*

Multnomah County Circuit Court
24CC07492; A186390

Kami J. White, Judge.

Submitted January 7, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on her being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, she was found to be a danger to herself, ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4, and unable to meet her basic personal needs, ORS 426.005(1)(f)(B) (2023), as the result of a mental disorder. As explained below, we reverse.

To meet the legal standard for a civil commitment based on danger to self, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious— that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted).

To meet the legal standard for a civil commitment based on inability to meet basic needs, the state must prove that, due to a mental disorder, a person is "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of serious physical harm—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (internal quotation marks omitted).

Appellant contends that the evidence presented at her commitment hearing was legally insufficient to commit her on either ground. Our task, therefore, is to view

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes. We express no opinion on whether the evidence would be sufficient to commit appellant under the new standards.

the evidence and all reasonable inferences in the light most favorable to the trial court's disposition and determine whether the evidence allowed commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself," or was unable to meet her basic needs, at the time of the commitment hearing due to a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we agree with appellant that the evidence was legally insufficient to establish danger to self within the meaning of the civil commitment statutes. There was evidence that appellant's apartment was full of accumulated garbage, that she was not properly cleaning up after her two cats, and that she was in the process of being evicted. There was insufficient evidence, however, to establish that her living conditions posed a nonspeculative risk of serious physical harm to her. The witnesses did not address that issue except in the vaguest terms, and this is not a record on which it is so obvious that appellant faced a nonspeculative risk of serious physical harm as to negate the need for some direct testimony regarding the nature and severity of the risk. To the extent that the trial court also considered the risk of someone assaulting appellant in response to her dysregulated behavior, that risk is too speculative on this record.

We also agree with appellant that the evidence was legally insufficient to establish inability to meet basic needs within the meaning of the commitment statutes. There was evidence that, upon admission to the hospital, appellant weighed 134 pounds, which was around the middle of her typical range observed through past admissions, which ranged from the 120s to the 140s. The precommitment investigator described her as "quite thin," but there was no evidence that

she was dangerously thin, malnourished, or refusing to eat, nor was there any evidence of significant recent weight loss that was on a dangerous trajectory. As for the impending eviction and the risk that appellant would not have a place to live, the parties implicitly agree on appeal that that is not itself a basis for commitment, which is consistent with the case law. *See, e.g.*, *State v. M. J.*, 245 Or App 553, 558, 163 P3d 1115 (2011) ("Homelessness, alone, is not sufficient grounds for a basic needs commitment. Rather, the record must persuasively establish that, because of the totality of the circumstances, appellant, if homeless, probably would not survive in the near future."). On this record, the evidence was legally insufficient to establish an inability to provide for basic needs that risked appellant's safe survival in the near future.

Reversed.