No. 127				February 19, 2026				355

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. A. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. A. W.,
*Appellant.*

Deschutes County Circuit Court
25CC01647; A187245

Michelle A. McIver, Judge.

Argued and submitted January 6, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment of civil commitment and an order prohibiting appellant from purchasing or possessing firearms. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023).[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023). Appellant concedes there was sufficient evidence he suffered from a mental disorder but challenges whether there was sufficient evidence of dangerousness to others. We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). We require the state to establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted)).

The trial court determined the legal standard to be met here. On review, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v.*

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

*L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for the trial court to determine that plaintiff's mental disorder made him dangerous to others. Appellant suffers from bipolar I disorder and there was evidence that, prior to his hospitalization, he was attempting to enter occupied cars, and, in a separate incident, he assaulted someone with a knife. After being hospitalized, there was evidence that appellant had delusional thoughts, and he acted in violent and threatening ways toward staff members. Appellant was also aggressive and threatening when interviewed by the civil commitment investigator. Accordingly, there was sufficient evidence for the trial court to conclude that, absent commitment, actual future violence was highly likely. We therefore affirm the judgment of civil commitment and the order prohibiting appellant from purchasing or possessing firearms.

Affirmed.