Submitted August 17, 2020, reversed January 6, 2021

In the Matter of S. A. R.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

S. A. R.,
*Appellant.*

Lane County Circuit Court
19CC04096; A172041

479 P3d 618

Appellant appeals a judgment civilly committing her to the custody of the Oregon Health Authority for up to 180 days on the ground that she has a mental disorder that makes her dangerous to herself and others, ORS 426.130. She contends that the evidence is insufficient to demonstrate that, because of her mental disorder, she presents the sort of danger to herself or others that permits civil commitment. *Held*: The trial court erred in committing appellant to the custody of the Oregon Health Authority. The record here did not allow for the rational conclusion that appellant was a danger to others or that it was highly probable that appellant's mental disorder put her at a "nonspeculative risk of serious physical harm or death in the near future, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019).

Reversed.

Maurice K. Merten, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed.

**LAGESEN, P. J.**

Appellant appeals a judgment civilly committing her to the custody of the Oregon Health Authority for up to 180 days on the ground that she has a mental disorder that makes her dangerous to herself and others. ORS 426.130; ORS 426.005.[1] She contends that the evidence is insufficient to demonstrate that, because of her mental disorder, she presents the sort of danger to herself or others that permits commitment under ORS 426.130(1)(a)(C) and (2). We agree and, therefore, reverse.

The issue is whether the evidence is sufficient to permit appellant's commitment on the ground that her mental disorder, at the time of the hearing, made her "[d]angerous to self or others" within the meaning of ORS 426.005 (1)(f)(A). "Unless we exercise our discretion to review an order of civil commitment *de novo* (which we do not here), we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, "the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant" was a danger to herself or others because of a mental disorder. *Id.* at 549 (internal quotation marks omitted).

Starting with the sufficiency of the evidence to support a danger-to-others commitment, the state asserts in its brief that it "does not defend" that basis for the commitment because, in its view, the evidence is sufficient to support a danger-to-self commitment. As we disagree with the latter point, we have considered the record and conclude that it is not sufficient to support a danger-to-others commitment.

---

[1] An amendment to ORS 426.005 took effect after the events of this case. Or Laws 2019, ch 358, § 11. That amendment does not affect the parts of the statute that are pertinent to this case. All references are, therefore, to the current version of the statute.

As for danger to self, the evidence is also insufficient to support appellant's commitment. "A person is 'dangerous to self' for [the] purposes [of ORS 426.005(1)(f)(A)] if the person's mental disorder puts her at a nonspeculative risk of serious physical harm or death in the near future, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). In this case, the sparse record does not allow for the rational conclusion that it is highly probable that that standard is met.

That is primarily because the record is devoid of evidence predictive of how appellant's mental disorder would make her behave outside of the hospital context.[2] Appellant unquestionably engaged in conduct dangerous to herself *after* her admission to the hospital, banging her head against a wall so hard that she had to be put in restraints and that her treating psychiatrist feared that she might have caused herself traumatic brain injury. But the state introduced no evidence about appellant's *conduct* prior to her hospitalization, apart from the facts that (1) she had stopped taking her medication because she felt that she was gaining weight because of it and (2) she "had also had a recent concussion." Although it is conceivable that appellant's concussion resulted from behavior like that observed in the hospital, on this record it is just as conceivable that appellant was injured in some other way. And as we previously have held, some evidentiary basis for inferring that self-endangering conduct occurring in the context of the hospital setting is predictive of a person's conduct outside of that setting—such as testimony from a doctor to that effect or evidence that the person had been engaging in similar conduct before hospitalization—is required to support a commitment. That is because, without such evidence, it is speculative to say one way or another whether the person's in-hospital conduct is reactive to the hospital setting or, instead, predictive of a person's dangerousness absent commitment. *S. E. R.*, 297 Or App at 124-25 (evidence of the appellant's conduct while hospitalized insufficient to support commitment "where, as here, there is no evidence that she had actually placed herself or others in danger prior to hospitalization and where,

---

[2] The trial court excluded hearsay evidence, including police reports, that would have addressed the point, albeit not in the form of competent evidence.

as here, there was no evidence that the conduct while hospi-talized was anything other than reactive to the conditions of the hospitalization"); *State v. S. R. J.*, 281 Or App 741, 754-55 & n 5, 386 P3d 99 (2016) (same).

Reversed.