No. 931          October 22, 2025          459

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. T.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. T.,
*Appellant.*

Marion County Circuit Court
24CC06782; A186288

Drew P. Taylor, Judge pro tempore.

Submitted September 22, 2025.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C). Specifically, appellant was found to be a danger to self as a result of a mental disorder. ORS 426.005(1)(f)(A).

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "'would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term.'" *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (quoting *State v. B. B.*, 240 Or App 75, 82, 245 P3d 697 (2010)). "The threat of physical harm must be 'serious'—that is, it must be 'life-threatening' or involve some 'inherently dangerous' activity." *Id.* (quoting *B. B.*, 240 Or App at 82-83). It also "must be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted). And the danger must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, appellant challenges the sufficiency of the evidence as a matter of law, specifically the sufficiency of the evidence of a nexus between her mental disorder and her dangerousness to self. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself" as a result of a

mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on danger to self. Accordingly, we affirm.

Affirmed.