742 December 17, 2025 No. 1089

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. M.,
*Appellant.*

Klamath County Circuit Court
25CC00025; A186497

Alycia E. Kersey, Judge.

Submitted November 19, 2025.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant challenges a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C). Specifically, the trial court determined that appellant, because of a mental disorder, was dangerous to others. ORS 426.005(1)(f)(A). We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. That will generally require the state "to provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017). We require the state to establish that "actual future violence is highly likely" because of "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted)).

The trial court determined that legal standard to be met here. On review, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the

trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that plaintiff's mental disorder made him dangerous to others. Although the precommitment investigator did not identify a specific mental disorder, she did testify that appellant exhibited signs of responding to auditory and internal stimuli, and appellant's own outbursts during the first day of trial—including his claims about PTSD—were sufficient for the trial court to determine that appellant suffered from a mental disorder. In addition, there was sufficient evidence of dangerousness to others because appellant threatened and intimidated a director of his veteran's housing facility by arguing with her and "advancing *** towards" her in a way that made her concerned for her safety. Appellant was physically and verbally aggressive toward a mobile crisis therapist and staff at a hospital such that he had to be physically restrained, and appellant tried to bite a hospital security officer's hand. Because that evidence was legally sufficient for the trial court to determine that it was highly probable that appellant's mental disorder made him dangerous to others, we affirm the judgment of civil commitment.

Affirmed.