352 February 19, 2026 No. 126

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. K. D.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

A. K. D.,
*Appellant.*

Marion County Circuit Court
24CC07718; A186601

Drew P. Taylor, Judge pro tempore.

Argued and submitted January 6, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jentry Lanza, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023).[1] Specifically, the trial court determined that appellant, because of a mental disorder, was unable to provide for her basic personal needs. ORS 426.005(1)(f)(B) (2023). Appellant concedes there was sufficient evidence that she suffered from a mental disorder but argues the evidence was insufficient to conclude that she was unable to provide for her basic needs. We affirm.

"To satisfy [the basic needs] standard, the state must prove two things: (1) that the individual's inability to provide for their basic personal needs puts them at a non-speculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted). Food, water, and medical care are examples of basic personal needs. *State v. M. A.*, 276 Or App 624, 631, 371 P3d 495 (2016). The state must prove a causal connection between appellant's mental disorder and appellant's inability to provide for basic needs. *State v. C. H.*, 306 Or App 63, 67, 473 P3d 60 (2020).

"When reviewing a civil commitment, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *P. D.*, 333 Or App at 739 (internal quotation marks omitted). "'Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was' *** unable to provide for *** basic personal needs, as a result of a mental disorder." *State v.*

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

*A. M. W.*, 340 Or App 473, 474, 572 P3d 343 (2025) (quoting *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021)).

Here, there was evidence that appellant, who suffers from schizophrenia, was likely to be evicted from her group home shortly after the hearing, that she had no plan for seeking shelter or continuing her treatment, and that she was unlikely to take her medication if released, which could be fatal. There was evidence that if appellant failed to take the only available medication that had been effective in treating the specific symptoms of her condition, then she would likely regress to a state of catatonia and refuse to eat or drink. In addition, there was evidence that appellant's medication is potentially lethal when overdosed or abruptly discontinued. Because there was clear and convincing evidence that appellant's mental disorder rendered her unable to meet her basic needs such that she was at a nonspeculative risk of serious physical harm in the near term, the trial court did not err in ordering an involuntary commitment. *See State v. C. W.*, 333 Or App 400, 405, 553 P3d 577 (2024) (appellant's mental illness made it unlikely that she would take her medicine, leading to a nonspeculative risk of serious physical harm absent commitment).

Affirmed.