No. 172 February 25, 2026 543

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. K. D.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. K. D.,
*Appellant.*

Marion County Circuit Court
24CC07542; A186458

Drew P. Taylor, Judge pro tempore.

Submitted January 20, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger-to-others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. Generally, when verbal threats are at issue, the state will have "to provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017). We require the state to establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted).

The trial court determined the legal standard to be met here. On review, in a preserved claim of error, appellant

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to * * * others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made him dangerous to others. At the time of the hearing, appellant had been housed at the Oregon State Hospital for nearly two years to try to restore him to competency so that he could aid and assist in his own defense against pending criminal charges. In the six months preceding the hearing alone, he had been placed in seclusion on eight separate occasions, at least two of which were due to his assaulting another patient or a staff member.[2] In discussing his assaultive conduct, appellant has smiled as he described hitting someone in a way that concerned an OSH psychiatrist due to a lack of remorse, has said "that a voice told him to hit [a] person," has justified his conduct based on an unfounded fear of other patients, and has said that he acted violently because he wanted to go to prison. Moreover, those assaults took place while appellant was medicated, and there is evidence that appellant would likely stop taking his psychiatric medications if released, at which point his paranoia, hallucinations, and delusions

---

[2] The state asserts in its answering brief that all eight seclusion incidents were due to assaults by appellant. However, the reasons for six of the seclusion incidents came in through hearsay, and the trial court sustained appellant's hearsay objections.

would likely increase, as would his dangerousness to others. The record was legally sufficient to support commitment.

Affirmed.