No. 160	February 25, 2026	501

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. O. P.-R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. O. P.-R.,
*Appellant.*

Marion County Circuit Court
24CC02539; A184405

Drew P. Taylor, Judge pro tempore.

Argued and submitted April 11, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Cory Browning, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

Appellant appeals from a judgment committing him to the custody of the Oregon Health Authority under ORS 426.130(1)(a)(C) for up to 180 days, based on appellant being a "person with mental illness," and prohibiting him from purchasing or possessing a firearm. Specifically, appellant assigns error to the sufficiency of the evidence for the trial court's determination that appellant, because of a mental disorder, was dangerous to others. ORS 426.005(1)(f)(A). We affirm.[1]

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). We require the state to establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted).

The trial court determined the legal standard to be met here. On review, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view

---

[1] New civil commitment statutes were substantially amended, and the amended versions became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to * * * others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

On appeal, appellant does not dispute the trial court's finding that he had a mental disorder. Rather, he argues that the evidence did not show that he was dangerous to others because of his mental disorder. He asserts that the only evidence of dangerousness was reactive behavior to the conditions of hospitalization, specifically confinement near others that appellant believed posed a threat to him due to affiliations with rival gangs.

Having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made him dangerous to others. The psychiatric nurse practitioner who treated appellant testified that, in her opinion, appellant was a danger to others because of multiple instances during appellant's hospitalization where he attacked other patients. Several of those attacks were unprovoked and because voices told him to do so. Two investigators agreed that appellant would be a danger to the community absent commitment. We are not persuaded by appellant's argument that there was insufficient evidence to demonstrate that he was a risk to others, as a result of his mental disorder, outside of the hospital setting. While some of the assaults on peers might have been the result of gang-related tension, the evidence indicated that in several instances appellant's violence was an unprovoked response to internal stimuli. That evidence was legally sufficient for the trial court to determine that it was highly probable that appellant's mental disorder made him dangerous to others, and accordingly, we affirm the judgment of civil commitment.[2]

Affirmed.

---

[2] We note that the state hospital initiated this civil commitment hold just days before appellant was scheduled to be discharged back to jail following the expiration of his competency restoration period in a criminal case. Despite any concerns posed by the timing of the hold, we nevertheless conclude that there was sufficient evidence here that appellant was dangerous to others due to his mental disorder.