No. 192 March 11, 2026 697

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. G.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*
*v.*
J. G.,
*Appellant.*
Lane County Circuit Court
25CC01876; A187413

Debra E. Velure, Judge.

Submitted February 19, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was found to be a danger to self as a result of a mental disorder. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. The judgment also notifies appellant that he is prohibited from purchasing or possessing a firearm unless he obtains relief from the Psychiatric Security Review Board. *See* ORS 166.273.

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause [the person] to engage in behavior that is likely to result in physical harm to [themself] in the near term." *State v. M. T.,* 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

We view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to [themself]" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on danger to self. The trial court findings included that at the time of the hearing, appellant was a danger to himself, did not fully understand the gravity of his mental illness, and would not be capable of voluntarily participating in the level of care he required. Accordingly, the trial court determined that commitment was in appellant's best interest. Each of the factual findings is supported by evidence in the record, and that evidence was legally sufficient to support the trial court's ultimate disposition. *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020).

Affirmed.