No. 276	April 1, 2026	265

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. J. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. J. S.,
*Appellant.*

Deschutes County Circuit Court
24CC07297; A186564

Owyhee Weikel-Magden, Judge pro tempore.

Submitted February 18, 2026.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant challenges a judgment of civil commitment and a prohibition from purchasing or possessing a firearm. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. Appellant also contends that the trial court erred in ordering that he be prohibited from possessing firearms. *See* ORS 426.130 (1)(a)(D) (authorizing the court to prohibit a person with a mental illness from purchasing or possessing firearms if it concludes that there is a reasonable likelihood that the person would constitute a danger to self or others). We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others." *Id.* at 101 n 3; *see State v. D. L.*, 202 Or App 329, 335, 122 P3d 97 (2005), *rev den*, 340 Or 308 (2006) (concluding that the appellant's act of firing a gun at a neighbor's wall formed the foundation for a prediction of future dangerousness because the appellant's paranoid fears that led her to commit the violent act were still present). We require the state to establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil

---

[1] New civil commitment standards became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the older version of the statutes, so the new standards are not at issue in this case.

commitment, and the fact that such a preventive confine-ment is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016).

The trial court determined the legal standard to be met here. On review, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceed-ings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly prob-able that appellant was a danger to * * * others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made him dangerous to others. Appellant discharged his pistol inside of his apartment. The next day, the police investigated and ultimately took him to the mental health unit of the hos-pital. Appellant explained that he had been shooting at a projection that he perceived coming through his door. The officers found four 9-millimeter bullets and shell casings consistent with appellant's explanation. One of the bullets had penetrated the wall and was found in a neighboring apartment.

Appellant's treating physician diagnosed schizo-phrenia with features of bipolar disorder. The doctor explained that appellant was a danger to others because he lacked insight into his mental disorder so that if he was released, he would "do it again," referring to the shooting his pistol in his apartment.

As relevant to the second assignment of error, the trial court further found that appellant was a danger to others because of the shooting incident, and, thus, correctly imposed a prohibition on purchasing or possessing firearms under ORS 426.130 (1)(a)(D). *State v. H. N.*, 330 Or App 482, 545 P3d 186 (2024).

Accordingly, we affirm the judgment of civil commitment and the prohibition from purchasing or possessing firearms.

Affirmed.