No. 475 May 28, 2026 177

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. T.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

T. T.,
*Appellant.*

Deschutes County Circuit Court
25CC04788; A188538

Walter Randolph Miller, Jr., Judge.

Submitted April 22, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on her being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was found to be a danger to herself as a result of a mental disorder. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. Appellant does not contest that she has a mental disorder but argues that the evidence was legally insufficient to prove that she was dangerous to herself within the meaning of the civil commitment statutes. We agree with appellant and, accordingly, reverse.

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the legal sufficiency of the evidence. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*,

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

283 Or App 618, 619, 391 P3d 880 (2017). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

The trial court, after hearing the evidence, described this case as "tough," "difficult," and "less obvious," but it ultimately decided that the standard for commitment was met. The court concluded that appellant was a danger to herself based on the risky manner in which she crossed a busy street while talking to a police officer, viewed in the context of a prior incident in which appellant was walking on train tracks.

Having carefully reviewed the record, including the video recording of the incident in which appellant crossed the street while talking with the police, and having considered the parties' arguments, we conclude that the evidence was legally insufficient to commit appellant based on her being a danger to herself. This case is analogous to *State v. S. R. J.*, 281 Or App 741, 750, 386 P3d 99 (2016), in which we reversed a danger-to-self commitment because "the concern that appellant will be seriously injured in the near future because of her delusional interactions with traffic does not rise beyond the level of apprehension and speculation." As the trial court noted, appellant looked both ways before crossing the street during a break in traffic, saying to the officer as she left, "There is an opening, so I need to cross." Appellant's manner of crossing the street was certainly less than ideal and likely violated one or more traffic laws, and several cars slowed or stopped as she finished crossing the street. But we cannot say on this record that the situation rises to level of allowing involuntary civil commitment. That is so even taking into account the prior incidents, about which there is minimal detail in the record. The evidence was legally insufficient to establish a nonspeculative and highly probable risk of harm in the near future.

Reversed.