No. 504 June 3, 2026 333

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. K. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. K. H.,
*Appellant.*

Marion County Circuit Court
25CC04973; A188573

Michael Y. Wu, Judge pro tempore.

Submitted May 13, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was committed on the basis that she is "unable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future," as the result of a mental disorder, and "is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f)(B) (2023), *amended by* Or Laws 2025, ch 559, § 4. Appellant contends that the evidence was legally insufficient to commit her on that basis. As explained below, we affirm.

To meet the legal standard for a civil commitment under ORS 426.005(1)(f)(B) (2023), the state must prove that due to a mental disorder, a person is "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of serious physical harm—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (internal quotation marks omitted). Food, water, and medical care are examples of basic personal needs. *State v. M. A.*, 276 Or App 624, 631, 371 P3d 495 (2016).

It is not enough to show that a person's ability to provide for basic personal needs is compromised—the manner and degree of compromise is critical. The state must prove "(1) that the individual's inability to provide for their basic personal needs puts them at a nonspeculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted); *see also State v. R. L. M.*, 309 Or App 545, 550, 482 P3d 201 (2021) (noting that the latter point requires some evidence of "*how soon* [an] adverse consequence is likely to

---

[1] The legislature made significant amendments to the civil commitment statutes last year, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

occur" (emphasis in original)). The state also must prove a causal connection between the person's mental disorder and that inability to provide for basic personal needs, *State v. C. H.*, 306 Or App 63, 67, 473 P3d 60 (2020), and that the person is not already "receiving such care as is necessary to avoid such harm," ORS 426.005(1)(f)(B) (2023).

The trial court found the legal standard to be met here. On appeal, appellant challenges the sufficiency of the evidence as a matter of law, and the state agrees that the claim of error was adequately preserved. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). Given the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the ultimate question for us as the reviewing court is whether a rational factfinder could find on this record that, at the time of the commitment hearing, it was "'highly probable'" that, due to a mental disorder, appellant was unable to provide for her basic personal needs in a manner and to a degree that compromised appellant's safe survival in the near future. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (quoting *State v. M. J. F.*, 306 Or App 544, 549, 473 P3d 1141 (2020)).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on inability to meet basic personal needs within the meaning of ORS 426.005(1)(f)(B) (2023). Appellant, a 73-year-old woman, has a long-term diagnosis of schizophrenia and a recent diagnosis of catatonia.[2] There was evidence at the hearing that, as

---

[2] A doctor testified that catatonia is always secondary to something else and that she believed that appellant's catatonia was secondary to her schizophrenia, but that, in 20 percent of cases, catatonia is secondary to a medical condition and that possibility could not be ruled out as appellant was refusing medical tests. Appellant argues that the 20 percent possibility that her catatonia was secondary to an unspecified medical condition means the evidence was insufficient to prove a causal nexus between appellant's schizophrenia and her catatonia-related failure to eat, drink, or move. That argument is not well taken for two reasons. One is that catatonia itself is a mental disorder, regardless of its underlying

a result of her mental disorders, appellant is not eating or drinking adequately, requiring caregivers to place food and water before her and coax her to take it, and that she lost 15 pounds in the month before her commitment. There was also evidence that, as a result of her mental disorders, appellant often does not take her catatonia and hyperthyroidism medications. Finally, there was evidence that, absent commitment, the foregoing circumstances put appellant at nonspeculative risk of serious physical harm in the near future. Accordingly, we affirm the judgment of civil commitment.

Affirmed.

---

cause. The other is that the doctor's testimony was sufficient to allow a finding that appellant's catatonia was secondary to her schizophrenia, notwithstanding that she could not conclusively rule out an underlying medical cause without appellant's cooperation.