No. 535 June 10, 2026 555

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. B.,
*Appellant.*

Deschutes County Circuit Court
25CC03435; A187911

Alison M. Emerson, Judge.

Submitted May 20, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was found to be a danger to himself as a result of a mental disorder. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4.

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id*. (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id*. (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences in the light most favorable to the disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to [self]" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient to civilly commit appellant as dangerous to self. We agree with the trial court that it is an "extremely close case," on the record that was made, which is particularly short on details regarding appellant's past behaviors, but that, ultimately, the state "narrowly met [its] burden," given the evidence regarding appellant's history of unsafe behavior in roadways, a prior suicide attempt involving traffic, self-reports of hitting or being hit by cars, and the incident immediately preceding his commitment, in which he reported to the police that he had almost been hit by a car and then, while crossing the street, "lay down [on] the road [and] roll[ed] into multiple lanes of traffic where there were cars coming and had to swerve to avoid him." A rational factfinder could find on this record that, due to his primary psychotic disorder, and regardless of whether he was intentionally suicidal, appellant was engaging in behavior likely to result in physical harm in the near term. Accordingly, we affirm the judgment of commitment.

Affirmed.