No. 576           June 24, 2026           865

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of P. A. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

P. A. G.,
*Appellant.*

Crook County Circuit Court
24CC07637; A186457

Wade L. Whiting, Judge.

Submitted February 18, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Appellant challenges a judgment ordering civil commitment. The trial court ordered appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days and be prohibited from purchasing or possessing firearms, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] The trial court found that, because of a mental disorder, appellant was dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

An involuntary civil commitment based on danger to others requires the state to prove, by clear and convincing evidence, that the person's mental disorder makes them "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019).[2] A single violent act which is indicative of future dangerousness may suffice to establish that a person is dangerous to others. *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, in addition to "overt acts of violence," under certain circumstances, "verbal threats may be enough" to establish that a person is dangerous to others. *Id.* at 101 n 3. Verbal threats may establish that a person is dangerous to others when the state can "provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017).

The trial court determined that appellant had a mental disorder that made him a danger to others. ORS

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

[2] There is no statutory definition of "dangerous" as used in ORS 426.005. Appellant asserts that the meaning of "dangerous weapon" as used in ORS 161.015 illustrates the intended meaning of the word "dangerous" in ORS 426.005. We are bound by the prior understanding of "dangerous" in the case law unless that understanding is plainly wrong. *State v. Civil*, 283 Or App 395, 416, 388 P3d 1185 (2017). Plainly wrong is a "rigorous standard" only satisfied in exceptional instances that, in our view, appellant has not met. *Id.*

426.005(1)(f)(A) (2023). On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law.

We review the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made him a danger to others. Appellant's treating psychiatrist testified that appellant suffers from schizophrenia. Appellant experiences paranoid delusions, religiously preoccupied thinking, and other symptoms consistent with that diagnosis. Appellant stated that the Holy Spirit told him to behead 10 people. In the weeks prior to the hearing, appellant threatened to harm his ex-partner with his hand raised, indicating a readiness to strike; attempted to instigate a fight with his brother and pushed his mother when she attempted to intervene; and threatened to harm the police. While hospitalized, appellant assaulted a fellow patient, unprovoked. The evidence of threats and threats coupled with overt acts demonstrate an escalation of dangerous behavior that a rational factfinder could find indicates a high likelihood of future violence. Evidence indicating that appellant would not voluntarily take medication provides further support for that inference.

Given appellant's recent threats and his threats coupled with overt acts, a rational factfinder could conclude that appellant was highly likely to engage in future violence toward others, absent commitment. Accordingly, we affirm the trial court's judgment ordering civil commitment.

Affirmed.