896 June 24, 2026 No. 585

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. C. A.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

F. C. A.,
*Appellant.*

Clackamas County Circuit Court
25CC05065; A188709

Thanh H. Tran, Judge.

Submitted June 3, 2026.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was committed on the basis that he is "unable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future," as the result of a mental disorder, and "is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f)(B) (2023), *amended by* Or Laws 2025, ch 559, § 4. Appellant contends that the evidence was legally insufficient to commit him on that basis. As explained below, we affirm.

To meet the legal standard for a civil commitment under ORS 426.005(1)(f)(B) (2023), the state must prove that due to a mental disorder, a person is "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of serious physical harm—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (internal quotation marks omitted). Food, water, and medical care are examples of basic personal needs. *State v. M. A.*, 276 Or App 624, 631, 371 P3d 495 (2016).

It is not enough to show that a person's ability to provide for basic personal needs is compromised—the manner and degree of compromise is critical. The state must prove "(1) that the individual's inability to provide for their basic personal needs puts them at a nonspeculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted); *see also State v. R. L. M.*, 309 Or App 545, 550, 482 P3d 201 (2021) (noting that the latter point requires some

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

evidence of "*how soon* [an] adverse consequence is likely to occur" (emphasis in original)). The state also must prove a causal connection between the person's mental disorder and the inability to provide for basic personal needs, *State v. C. H.*, 306 Or App 63, 67, 473 P3d 60 (2020), and that the person is not already "receiving such care as is necessary to avoid such harm," ORS 426.005(1)(f)(B) (2023).

The trial court found the legal standard to be met here. On appeal, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). Given the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the ultimate question for us as the reviewing court is whether a rational factfinder could find on this record that, at the time of the commitment hearing, it was "'highly probable'" that, due to a mental disorder, appellant was unable to provide for his basic personal needs in a manner and to a degree that compromised appellant's safe survival in the near future. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (quoting *State v. M. J. F.*, 306 Or App 544, 549, 473 P3d 1141 (2020)).

Having considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on inability to meet basic personal needs within the meaning of ORS 426.005(1)(f)(B) (2023). Appellant has a diagnosis of bipolar disorder with psychotic features. He denied having a mental illness and had previously discontinued his psychiatric medications upon release from the hospital. Appellant had a history of being unable to manage his diabetes, resulting in a lower leg amputation in August 2024. At the time of the September 2025 commitment hearing, appellant was suffering from a serious infection due to his failure to have the staples removed from his amputation, he was malnourished, and, as a result of behavior caused by his mental disorder, he had recently lost his

live-in caregiver, without whom he could not meet any of his basic needs. Appellant had been only partially cooperative with medical treatment in the hospital. The record supports the trial court's determination that appellant was unable to meet his basic personal needs as a result of his mental disorder. We affirm the judgment of civil commitment.

Affirmed.