350 June 3, 2026 No. 509

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Z. L. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

Z. L. G.,
*Appellant.*

Clackamas County Circuit Court
25CC03272; A187881

Ann M. Lininger, Judge.

Submitted May 12, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed
the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor
General, and Jentry Lanza, Assistant Attorney General,
filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and
Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1]  Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. Generally, when verbal threats are at issue, the state will have "to provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017). The state must establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted)).

The trial court determined the legal standard to be met here. On appeal, in a preserved claim of error, appellant

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made her dangerous to others. The record included evidence that appellant had mental disorder that caused paranoia, delusions, and hallucinations, including that other people wanted appellant to kill them. Appellant also had a history of non-compliance with treatment and medication and during periods of non-compliance she became violent, and had a pattern of attacking family members with knives, often injuring them. At the time of the hearing, appellant remained symptomatic and lacked insight into the dangerousness of her behavior. Accordingly, we affirm the judgment of civil commitment.

Affirmed.