No. 537 June 10, 2026 561

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. L.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. L.,
*Appellant.*

Marion County Circuit Court
24CC05284; A188526

Michael Y. Wu, Judge pro tempore.

Submitted on May 20, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Julia A. Taylor, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be recommitted to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5; *see also* ORS 426.307() (regarding recommitment hearings).[1] Specifically, appellant was recommitted on the basis that, as the result of a mental disorder, he was "unable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future." ORS 426.005(1)(f)(B) (2023), *amended by* Or Laws 2025, ch 559, § 4. Appellant contends that the evidence was legally insufficient to recommit him on that basis. As explained below, we affirm.

To meet the legal standard for a civil commitment under ORS 426.005(1)(f)(B) (2023), the state must prove that due to a mental disorder, a person is "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of serious physical harm—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (internal quotation marks omitted).

Food, water, and medical care are examples of basic personal needs. *State v. M. A.*, 276 Or App 624, 631, 371 P3d 495 (2016).

It is not enough to show that a person's ability to provide for basic personal needs is compromised—the manner and degree of compromise is critical. The state must prove "(1) that the individual's inability to provide for their basic personal needs puts them at a nonspeculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted); *see also State v. R. L. M.*, 309 Or App 545, 550, 482

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

P3d 201 (2021) (noting that the latter point requires some evidence of "*how soon* [an] adverse consequence is likely to occur" (emphasis in original)). The state also must prove a causal connection between the person's mental disorder and that inability to provide for basic personal needs, *State v. C. H.*, 306 Or App 63, 67, 473 P3d 60 (2020), and that the person is not already "receiving such care as is necessary to avoid such harm," ORS 426.005(1)(f)(B) (2023).

The trial court found the legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). Given the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the ultimate question for us as the reviewing court is whether a rational factfinder could find on this record that, at the time of the commitment hearing, it was "'highly probable'" that, due to a mental disorder, appellant was unable to provide for his basic personal needs in a manner and to a degree that compromised appellant's safe survival in the near future. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (quoting *State v. M. J. F.*, 306 Or App 544, 549, 473 P3d 1141 (2020)).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient to support the recommitment. Given the totality of the circumstances, a rational factfinder could find on this record that, as a result of his schizoaffective disorder, appellant was unable to provide for his basic personal needs, specifically those related to medication and fluid intake, in a way that put him at nonspeculative risk of serious physical harm that was likely to occur in the near future. Accordingly, we affirm the judgment of civil commitment.

Affirmed.