886 June 24, 2026 No. 582

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

K. J.,
*Appellant.*

Multnomah County Circuit Court
25CC02285; A187671

Jane W. Fox, Judge.

Submitted June 3, 2026.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. The state must establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted)).

The trial court determined the legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder made her dangerous to others. Appellant has been diagnosed with bipolar disorder with psychosis. She has had prior hospitalizations arising from her mental illness. Shortly before her commitment at issue here, appellant physically attacked both her sister-in-law and brother and broke a glass fireplace screen with a maul because "the glass wanted to be broken." There was evidence connecting those attacks to appellant's mental illness, and further evidence that appellant refused to take medications such that her behavior would continue to make it highly probable that she would present a danger to others. Accordingly, we affirm the judgment of civil commitment.

Affirmed.