892 June 24, 2026 No. 584

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. N.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. N.,
*Appellant.*

Multnomah County Circuit Court
25CC04955; A188574

Erin E. Kirkwood, Judge.

Submitted June 3, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jon Zunkel deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). However, "overt acts of violence are not necessary to establish dangerousness to others. Verbal threats may be enough in appropriate circumstances." *Id.* at 101 n 3. Generally, when verbal threats are at issue, the state will have "to provide evidence that shows that the appellant's threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats or other circumstances indicating that actual future violence is highly likely." *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017). The state must establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted).

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

The trial court determined the legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *L. R.*, 283 Or App at 619. "Whether the evidence presented by the state is legally sufficient to support a civil commitment is a question of law." *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to *** others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having considered the parties' arguments, we agree with the state that the evidence was legally sufficient for the trial court to determine that appellant's mental disorder makes him dangerous to others. Appellant has a diagnosis of bipolar I disorder and, at the time of the commitment hearing, had been demonstrating manic symptoms with psychosis and was very paranoid. There was evidence that he had recently destabilized after a period of stability and was not taking his psychiatric medication. Appellant has repeatedly threatened people while having paranoid delusions, including frequently making death threats. He repeatedly threatened people in his last apartment building while waving around a kitchen knife, as well as threatening people at the grocery store while having outbursts. His threats are often accompanied by screaming, raging, or door slamming. He does not believe the police are really the police and thinks they are army members trying to assault him. Shortly before this hospitalization, appellant, while holding a knife, threatened to kill a child who was passing by, causing a neighbor to step between them to protect the child. At the hospital, appellant told his attending provider to "leave now" and that she was "scared and [she] should be."

On this record, the trial court permissibly determined that appellant is a danger to others as a result of a mental disorder. Although it is true that appellant has not followed through on his violent threats to date, the evidence as a whole was sufficient to support civil commitment, particularly given appellant's recent destabilization, his paranoid and delusional beliefs that others are trying to hurt or kill him, and the fact that he is frequently armed with a knife that he waves around while threatening people. A rational factfinder could find on this record that it was highly probable that appellant was a danger to others because of his mental disorder. Accordingly, we affirm the judgment of civil commitment.

Affirmed.