564 June 10, 2026 No. 538

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. H. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

E. H. G.,
*Appellant.*

Clackamas County Circuit Court
25CC03492; A187990

Jeffrey S. Jones, Judge.

Submitted May 7, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was found to be a danger to self as a result of a mental disorder. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4.

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.,* 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id*. (internal quotation marks omitted). It must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id*. (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on danger to self. Specifically, the record supports a determination that appellant lacks impulse control, causing her to, among other things, run into a busy four-lane road causing traffic to stop in all directions to narrowly avoid hitting her. *See, e.g.*, *State v. W. B.*, 313 Or App 639, 640, 493 P3d 575 (2021) (affirming the conclusion that an appellant who "repeatedly walked into moving traffic without looking, causing cars to stop abruptly to narrowly avoid hitting him, and * * * lacks insight into that behavior" presented a danger to himself). Accordingly, we affirm.

Affirmed.