872                    June 24, 2026                    No. 578

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. R. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. R. J.,
*Appellant.*

Deschutes County Circuit Court
25CC06702; A189224

Alicia N. Sykora, Judge.

Submitted June 2, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Ariel Ashtamker, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment of civil commitment. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, and prohibited her from purchasing or possessing firearms, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was found to be a danger to self as a result of a mental disorder. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). It must "be more than speculative" that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted). The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to herself" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on danger to self. Appellant was brought into the emergency department of St. Charles Medical Center because appellant had "superficially cut her abdomen trying to cut out tentacles that she believed to be there in the setting of a psychotic episode." Appellant was diagnosed with schizoaffective disorder bipolar type. The psychiatrist who was treating appellant testified that appellant "appears profoundly psychotic with the beliefs that she is being haunted by demons, that she has tentacles in her abdomen," and her most prominent symptoms were "auditory and visual hallucinations and profound delusions." During her stay at the medical facility, appellant requested a plastic fork because she believed that there were tentacles that she needed to remove. The psychiatrist who had been treating appellant prior to this incident testified that even when appellant is on medication, "there's still talk of demons." Based on that record, the trial court did not err in determining that there was sufficient evidence that appellant was a danger to herself as a result of a mental disorder. Accordingly, we affirm the judgment of civil commitment and the order prohibiting the purchase and possession of firearms.

Affirmed.